IN THE CIRCUIT COURT OF LEAKE COUNTY, MISSISSIPPI

LORRIANE SULLIVAN                                                              PLAINTIFF

VS.                                                           CAUSE NO. 21-CV-078-LE-CM

WAL-MART STORES EAST, LP;
AND JOHN DOES 1-10                                                          DEFENDANTS

## COMPLAINT

Plaintiff, LORRIANE SULLIVAN, by and through the undersigned counsel, hereby sues Defendants, WAL-MART STORES EAST, LP, and John Does 1-10, and alleges as follows:

1. This is an action for damages within the jurisdictional limits of the court. The actual value of Plaintiff's claim will be determined by a fair and just jury.

2. Plaintiff, LORRIANE SULLIVAN, is a natural person residing in Leake County, Mississippi.

3. The Defendant, Wal-Mart Stores East, LP, is a foreign Limited Partnership incorporated in the State of Delaware, with its principal place of business in Arkansas, and doing business in the State of Mississippi, whose agent for service of process is C.T. Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4. Defendants, John Does 1-10, are the owners, operators, managers, and all other entities, corporate and/or individuals, of Wal-Mart Stores Inc., and/or other persons, entities, corporations, etc. that were at and/or responsible for the condition of the floors at the location in question, located at 905 MS-16 W., Carthage, MS 39051, in Leake County, who were in some manner negligently and proximately responsible for the events and happenings alleged in this



**EXHIBIT A**



FILED
APR 05 2021
KEN ADCOCK
CIRCUIT CLERK

Complaint and for the Plaintiff's injuries and damages. Plaintiff will amend this Complaint to allege the true capacity of these parties when they are ascertained.

5. At all times material hereto, Defendant, was the owner and in possession of that certain business located at 905 MS-16 W., Carthage, MS 39051, Leake County, Mississippi, open to the general public, including the Plaintiff herein.

6. On or about July 10, 2020, Plaintiff, LORRIANE SULLIVAN, visited Defendant's premises located at the above address as a business invitee and/or guest.

7. At said time and place, Plaintiff, LORRIANE SULLIVAN, was a lawful guest upon the premises of the Defendant, who owed Plaintiff a nondelegable duty to exercise reasonable care for her safety. Plaintiff slipped and fell due to a liquid/foreign substance that was allowed to remain on the floor.

## COUNT I – CLAIM FOR PREMISES LIABILITY
## AGAINST DEFENDANT, WAL-MART STORES EAST, LP

8. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

9. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous conditions on their premises.

10. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain the floors on the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

    b) Negligently allowing a liquid substance to remain on the floor, creating a dangerous hazard to members of the public utilizing said premises,

    including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

c) Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether the floor was free and clear of all dangerous conditions. The poorly maintained condition of the floor constituted a hazard to patrons in the area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff.

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the liquid and whereas a sign was not apparent to guests where the incident occurred when Defendant knew, or through the exercise of reasonable care should have known, that said floor was unreasonably dangerous and that Plaintiff was unaware of same.

e) Negligently failing to correct and/or inspect and/or maintain the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors of the premises or dangerous conditions.

g) Negligently failing to train and/or inadequately training its employees to inspect and/or maintain the floors and to provide visibility of notice for dangerous conditions.

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition.

i) Negligently failing to act reasonably under the circumstances.

11. As a result, while Plaintiff was visiting Defendant's business, the signage, "Wet Floor" was not near and around the spill site. The Plaintiff slipped and fell to the ground, sustaining significant personal injuries.

12. As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered bodily injury resulting in pain and suffering to her right knee. As a direct result of your insured's negligence, this incident has aggravated the outcome of a knee replacement. The Plaintiff

has suffered the loss of the enjoyment of life, expense of hospitalization, medical and physical therapy expenses. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, LORRIANE SULLIVAN, sues the Defendant and entities for damages within the jurisdictional limits of the court, and demands trial by jury of all issues so triable.

### COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, WAL-MART STORES EAST, LP

13. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

14. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

15. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

16. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain the floors on the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

    b) Negligently allowing a liquid substance to remain on the floor, creating a dangerous hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

    c) Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether the floor was free and clear of all dangerous

conditions. The poorly maintained condition of the floor constituted a hazard to patrons in the area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff.

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the liquid and whereas a sign was not apparent to guests where the incident occurred when Defendant knew, or through the exercise of reasonable care should have known, that said floor was unreasonably dangerous and that Plaintiff was unaware of same.

e) Negligently failing to correct and/or inspect and/or maintain the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors of the premises or dangerous conditions.

g) Negligently failing to train and/or inadequately training its employees to inspect and/or maintain the floors and to provide visibility of notice for dangerous conditions.

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition.

i) Negligently failing to act reasonably under the circumstances.

17. As a result, while Plaintiff was visiting Defendant's business, the signage, "Wet Floor" was not near and around the spill site. The Plaintiff slipped and fell to the ground, sustaining significant personal injuries.

18. As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered bodily injury resulting in pain and suffering to her right knee. The Plaintiff has suffered the loss of the enjoyment of life, expense of hospitalization, medical and physical therapy expenses. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, LORRIANE SULLIVAN, sues the Defendant, WAL-MART STORES EAST, LP, for damages and demands within the jurisdictional limits of the court and demands trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED, this the ___1st___ April 2021.

_____
**HARRY M. McCUMBER MSB #10632**
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Ste. 200
Jackson, Mississippi 39211
Telephone: (601) 949-3399
Facsimile: (601) 949-3388
E-Mail: hmccumber@forthepeople.com
*Attorney for Plaintiff*